# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2020

Lyle W. Cayce
Clerk

No. 20-50156
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONALD PEREZ-JACOME, *also known as* RONALD JAROME PEREZ, *also known as* ERES DE JESUS-PEREZ, *also known as* ERES PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-294-1

Before SOUTHWICK, DUNCAN, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Ronald Perez-Jacome appeals his conviction for illegal reentry into the United States.  He argues that the enhanced sentencing range in § 1326(b) is unconstitutional because a prior conviction is an element of the offense that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50156

must be alleged in the indictment or found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by *Almendarez-Torres*. Alternately, the Government requests an extension of time to file its brief.

In *Almendarez-Torres*, 523 U.S. at 226-27, the Supreme Court held that a prior conviction used to enhance a sentence under § 1326(b) is a sentencing factor, not an element of the offense. Neither *Apprendi v. New Jersey*, 530 U.S. 466, 476, 490 (2000), nor subsequent Supreme Court cases overruled *Almendarez-Torres*, which remains binding precedent. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Accordingly, Perez-Jacome's sole appellate argument is foreclosed by *Almendarez-Torres*.

Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.